**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-4599**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERARD RODERKUS FENNER,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00085-D-1)

───────────

Submitted:  July 26, 2022                     Decided:  July 28, 2022

───────────

Before MOTZ, KING, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF**:  Amos G. Tyndall, Thomas K. Maher, AMOS TYNDALL PLLC, Carrboro, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerard Roderkus Fenner appeals the 168-month sentence imposed following his guilty plea to possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin and fentanyl, a quantity of marijuana, and 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Fenner challenges the district court's application of a two-level Sentencing Guidelines enhancement, as well as the substantive reasonableness of his sentence. Assuming without deciding that the court made the Guidelines error Fenner alleges, we conclude that such error is harmless. Finding no other error, we affirm.

A Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (brackets and internal quotation marks omitted); *see United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (discussing assumed error harmlessness inquiry). Here, the district court explicitly stated that a 168-month upward variance sentence was warranted under the pertinent 18 U.S.C. § 3553(a) factors. Because the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the

2

Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), we conclude that the first prong of the assumed error harmlessness inquiry is satisfied.

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed error. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Fenner's 168-month sentence is 12 months longer than the top of the Guidelines range that would have applied had his Guidelines objection been sustained. As the district court explained, this minor upward variance was warranted in light of the seriousness of Fenner's offenses, which involved not only the dangerous combination of carrying guns and selling drugs, but also the deadly practice of dealing fentanyl-laced heroin. The court also emphasized Fenner's substantial criminal history and the fact that Fenner committed the instant crimes while on supervised release. Finally, while acknowledging that the low purity of Fenner's methamphetamine somewhat mitigated the seriousness of his conduct, the court reasonably concluded that the other aggravating factors militated against imposing the significantly lower sentence that Fenner requested. And although, on appeal, Fenner contends that the low-purity factor should have received greater weight, a defendant's mere disagreement with the value or weight that a court attributes to a

3

sentencing factor does not establish an abuse of the court's discretion. *See United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012). Thus, we conclude that Fenner's upward variance sentence is substantively reasonable and, consequently, that the purported miscalculation of Fenner's Guidelines range is harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*